IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRADLEY GRANT KITCHEN, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO SEVER<br><br><br><br>Case No. 2:07-CR-895 TS |

Defendants Cloward,[1] Garrett,[2] and Clarke[3] have each filed a Motion to Sever or joined a motion filed by another Defendant.[4] For the reasons discussed below, the Court will deny Defendants' Motions to Sever.

I. BACKGROUND

The factual background of this case has been set forth in the Court's Order on

---

[1]Docket No. 57.

[2]Docket No. 80.

[3]Docket No. 86.

[4]Defendant Hadlock had also filed a Motion to Sever. *See* Docket No. 41. As the government has dismissed the Indictment against Defendant Hadlock it is unnecessary to consider her Motion except to the extent it was joined in by the other Defendants.

1

Defendants' Motions to Suppress and the Court's Order on Admissibility of Co-conspirator Statements and need not be repeated here.

## II.  DISCUSSION

Defendants request severance primarily on the grounds that they will be prejudiced by the spillover effect of the accumulation and presentation of evidence against other Defendants. Defendants also argue that severance is necessary because of the size and complexity of the government's case.  The government argues that severance is inappropriate here.[5]

Under Rule 8(b) of the Federal Rules of Criminal Procedure, a single indictment may charge multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." However, under Rule 14(a) "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

The Tenth Circuit follows the general rule that individuals charged together should be tried together.[6]  Moreover, "in a conspiracy trial it is preferred that persons charged together be

---

[5]The government spends a great deal of time in its brief arguing that *Bruton v. United States*, 391 U.S. 123 (1968), does not require severance.  Defendants only argue that if the government discloses information which creates a *Bruton* problem, they will seek severance on that ground.  No Defendant has made such a request.  However, even if there was a *Bruton* problem in this case, severance would not be required.  *See United States v. Hill*, 901 F.2d 880, 883 (10th Cir. 1990).  *See also Spears v. Mullin*, 343 F.3d 1215, 1235 (10th Cir. 2003) ("A *Bruton* problem alone . . . is insufficient to require severance.").  As no Defendant has requested severance based on *Bruton*, the Court need not address *Bruton* at this time.

[6]*See United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985).

tried together."[7]  A defendant wishing to obtain severance must show actual prejudice at trial will result from failure to sever the trials.[8]  However, "[n]either a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the codefendant than that against the moving party is sufficient to warrant severance."[9]  "Indeed, absent a showing of clear prejudice, a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged acts."[10]

Here, the Court finds that Defendants have not made the required showing for severance. The Indictment alleges that Defendants each played an indispensable role in the same conspiracy. Further, in relation to the admissibility of co-conspirator statements, the Court has found that the government has proven by a preponderance of the evidence that a conspiracy existed and that Defendants were members of that conspiracy.  "The general rule in conspiracy cases is that where proof of the charges against defendants is dependent upon the same acts and evidence, persons who are indicted together should also be tried together."[11]

Defendants argue that they will be prejudiced by the spillover effect from the evidence presented against the other Defendants.  "However, a mere disparity in the evidence from a

---

[7]*United States v. Scott*, 37 F.3d 1564, 1576 (10th Cir. 1994).

[8]*United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986).

[9]*Id*. (internal citation omitted).

[10]*Id*. at 871.

[11]*Id*.

quantitative standpoint against each defendant in a conspiracy cases, without more, provides no justification for severance."[12]  In addition, any prejudice can be reduced by providing limiting instructions to the jury.

Defendants have not argued that there are mutually antagonistic defenses here. Therefore, the Court need not address that issue.  While Defendants have argued that severance is necessary because of the need for a co-Defendant's testimony, Defendant have failed to make the necessary showing.[13]

Based on the above, the Court is "convinced that there is no basis to support a finding that the jurors could not reasonably compartmentalize the evidence as to each of the defendants and properly apply it to the court's instructions . . . ."[14]  Therefore, Defendants' Motions to Sever will be denied.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Sever (Docket Nos. 57, 80, and 86) are DENIED.  It is further

---

[12]*Id*.

[13]*Scott*, 37 F.3d at 1579 ("When a defendant moves to sever claiming he needs a codefendant's testimony, we consider factors including the likelihood that the codefendant would testify; the significance of the testimony; the exculpatory nature of the testimony; the likelihood that the testimony would be impeached; the prejudice caused by the lack of the testimony; the effect of a severance on judicial administration and economy; and timeliness of the motion.").

[14]*Hack*, 782 F.2d at 871.

ORDERED that the time from the filing of the Motions to Sever through August 13, 2008, is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(1)(F) and (J).

DATED   July 31, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge